E. ESTELLE HARRINGTON *v.* BISHOP TRUST COMPANY, LIMITED, AND REGINA BORNSTEIN HARRINGTON.

No. 4072.

ARGUED MAY 8, 1959.          DECIDED MAY 25, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

In 1944 Arthur S. and E. Estelle Harrington, then husband and wife, as settlors, executed a revocable trust deed wherein certain shares of stock belonging to the husband and other shares belonging to the wife were conveyed to the Bishop Trust Company, Limited, as trustee, with the settlors as beneficiaries.

In January 1947, Arthur and Estelle, contemplating divorce, entered into a settlement agreement, and in April 1947 the settlors,

then divorced, made an agreement terminating the trust of 1944 and directed the trustee to transfer to each settlor, as his or her own separate property, specific trust property. The trustee transferred, among other things, 3,746 shares of Wahiawa Transport Service, Limited, and 1,570 shares of the capital stock of Industrial Enterprises, Limited.

In April 1947 Arthur, as settlor, and the trustee, as trustee, made the 1947 trust wherein Arthur's share of the trust property received by him was again placed in trust. The 1947 trust provided, with respect to power to vote the stock, that after the death of the settlor, that is, Arthur, if Estelle Harrington should survive him, then during her life she should have the right to vote the shares of corporate stock so placed in trust. It further provided that from and after the death of the settlor, if Estelle Harrington survived him, the trustee shall by proxy authorize Estelle Harrington during her lifetime to vote the said stock. The 1947 trust provided that no amendment should be made changing the right of Estelle Harrington to vote the stock during her lifetime should she survive the settlor.

The trust provided that Colonel Harrington would be the life beneficiary, but after his death the trust was to insure that there would be sufficient income for Margaret Joan Harrington, the incompetent daughter of appellee and Colonel Harrington, in the event that a separate trust in Colonel Harrington's will should prove insufficient to provide funds for the support of Margaret Joan Harrington. Any income not needed for such support would go to other members of the family. Further, appellee would have power to vote the trust stock in the event of Colonel Harrington's death, and provided the voting power should be irrevocable.

Appellee testified it was her understanding that the voting provisions were given her to insure competent management of the Wahiawa Transport Company and Industrial Enterprises, Limited, with whose business she was familiar, in order that she could protect the value of the trust property for her incompetent daughter. She herself is not a beneficiary.

On March 20, 1952, after an earlier amendment, here immaterial, the settlor attempted to revoke the irrevocable voting right in appellee after settlor's death by an amendment to the trust.

The trustee, Bishop Trust Company, accepted the amendment, apparently without consulting independent counsel, despite the fact that the 1947 trust explicitly stated appellee's right to vote the stock could not be amended or revoked.

In November 1955 an action was filed by appellee herein to compel the trustee to comply with the irrevocable provisions of the 1947 trust giving her the right to vote the trust stock. Appellant intervened as a defendant.

The lower court decided the stock-voting provisions in the trust were valid and could not be revoked by Arthur Harrington. The court also decreed that Estelle Harrington, the appellee herein, had the right to vote the stock during her lifetime and ordered the trustee to execute proxies to her. From this decree Regina Harrington, the second wife of Colonel Harrington, appealed. The court below stayed the enforcement of the decree pending this appeal.

The appellant makes the contention that the beneficiaries are not protected unless the trustee has the power to vote the stock, and that public policy dictates that the owners of the stock should keep for themselves and not transfer to others the power to vote stock.

As stated in Fletcher, *Cyclopedia Corporations,* all corporation trusts in stock are valid as with other property for any lawful purpose. It states:

"The right to vote as between the trustee and the beneficiary may be determined by the instrument creating the trust, and trustees are bound by restrictions on their voting power contained in such an instrument. It may give the right to the trustee, or, on the other hand, may provide that the right to vote the stock shall remain in the settlor, or that he may require the trustee to give him a proxy to vote it, or that it shall be voted as directed by him or a designated representative." (5 Fletcher, *Cyclopedia Corporations,* § 2035, p. 172.)

A case directly in point is *Edson v. Norristown-Penn Trust Co.,* 359 Pa. 386, 59 A. (2d) 82, 84 (1948). In that case the settlor placed stock in a family-held corporation in trust under an irrevocable deed of trust with the direction that the trustee should ex-

ecute a proxy to the president of the corporation. Later the settlor sought to cancel the proxy provision on the ground it was contrary to public policy and void. The court stated:

"The court below did not err in holding that the proxy clause in question was valid and binding and designed to effectuate a clearly expressed intention to keep management and control of a thriving, prosperous and growing enterprise within the immediate Scheidt family. That trustee could vote by proxy has been recognized in this Commonwealth * * *. By the terms of a trust it may be provided that trustee shall vote as directed by settlor or by a beneficiary or by a third person. Appellant never gave to trustee the right to vote the stock. Trustee never had such a complete and unqualified ownership of the stock. A holder of stock may qualify his ownership by directing that another vote for him, or may accept ownership with a condition that involves such consent * * *.

"The deed of trust evidences a dominant purpose on the part of the settlor to perpetuate management and control of the company in members of the Scheidt family."

Of course, the person upon whom such power is conferred, is operating in a fiduciary capacity. As stated in 2 Scott, *Trusts,* 2d ed., section 185, page 1360:

"Where the person upon whom the power of control is conferred is neither a co-trustee nor a beneficiary but is a third person otherwise unconnected with the administration of the trust, the power is ordinarily conferred upon him as a fiduciary and not for his own benefit. In such a case, although the holder of the power is not a trustee of the estate, he owes duties to the beneficiaries with respect to the exercise of the power."

Such trust advisor is a fiduciary somewhat in the nature of a co-trustee and is sometimes described as a quasi-trustee. (*Lewis* v. *Hanson,* 128 A. [2d] 819, 828 [1957]; see Note 120 A. L. R. 1407.) The provisions of the trust instrument may give such control to a settlor, a beneficiary or a third person.

In this case appellee was, in substance, a settlor of the trust as the trust was the result of a property settlement upon divorce.

(*Harrington* v. *Harrington,* 41 Haw. 89.) Also, the appellee has an interest in the subject matter of the trust as the income is for the purpose of protection of her daughter, Margaret Joan. Under such construction there is no public policy preventing the settlor from giving to a third person the right to vote the shares of corporate stock in trust.

Affirmed.

*Richard K. Sharpless* (*Lewis, Buck & Saunders* with him on opening brief; no reply brief filed) for intervening defendant-appellant.

*Frank D. Padgett* (*Robertson, Castle & Anthony* with him on the brief) for plaintiff-appellee.

*Smith, Wild, Beebe & Cades* (*Wm. B. Borthwick*) for defendant-appellee. (Filed no brief and did not argue.)